UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BOBBY F. ROBINSON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| AUSTIN LIPPS in his individual capacity, ) | |
| MICHAEL BLACK in his individual capacity, ) | No. 1:12-cv-01170-JMS-MJD |
| CHAD PORFIDIO in his individual capacity, ) | |
| DALE DISHMOND in his individual ) | |
| capacity, ) | |
| ) | |
| Defendants. ) | |

### ORDER ON MOTION TO AMEND COMPLAINT AND ADD BRANDON CAPPA AS DEFENDANT

This matter is before the Court on Plaintiff's Motion to Amend Complaint and Add Brandon Cappa as Defendant. [Dkt. 30.] The Court, being duly advised, **GRANTS** Plaintiff's Motion.

### I.     Background

This is an action against police officers alleging excessive force during an arrest in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff filed his original complaint on August 20, 2012. (Dkt. 1.) The parties' Case Management Plan requires motions for leave to amend the pleadings be filed on or before January 20, 2013. (Dkt. 18.) On January 17, 2013, Plaintiff filed a motion to amend the complaint and add Officer Brandon Cappa as a defendant. (Dkt. 30.)

## II. Legal Standard

Leave to amend a complaint should be freely given "when justice so requires." Fed.R.Civ.P. 15(a)(2). While a court may deny a motion for leave to amend, such denials are disfavored. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). A district court may deny leave to file an amended complaint in the case of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party or where the amendment would be futile. *Hukic v. Aurora Loan Services*, 588 F.3d 420, 432 (7th Cir. 2009).

## III. Discussion

Defendants object to Plaintiff's motion for leave to amend on the basis of futility. Defendants contend Plaintiff has alleged insufficient facts to support a theory of liability against Officer Cappa. Specifically, Defendants claim Plaintiff attempts to add Officer Cappa as a defendant "based upon a comment he made in an internal affairs investigation that he had heard flesh being struck" and that "fails to rise to the level of causation or a constitutional violation by Officer Cappa and the proposed amendment fails to allege facts which would support a valid theory of liability against him." [Dkt. 40 at 2.] The Court disagrees.

Plaintiff asserts Officer Cappa participated in the pursuit of Plaintiff's vehicle and participated in the use of excessive force to restrain and arrest Plaintiff. [Dkt. 30-1, ¶¶ 33-34.] These are the same facts asserted against the four other defendants in the lawsuit. Whether these allegations are true and rise to the level of a constitutional violation is not the proper analysis to evaluate whether a claim is futile. Futility, in the context of Rule 15, refers to the inability to state a claim, not the inability of the plaintiff to prevail on the merits. *See Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992). For example, a claim is futile if the plaintiff does not have standing to bring the claim (*Stayart v. Yahoo! Inc.*, 623 F.3d 436, 440 (7th Cir. 2010)) or the

statute of limitations has passed (*O'Brien v. Ind. Dept. of Correction ex rel Turner*, 495 F.3d 505, 507 (7th Cir. 2007)). Plaintiff alleges sufficient facts to support his claims in the amended complaint and has done so within the designated time period allowed by the Case Management Plan. Given the liberal standards for motions to amend, and the Defendants' failure to establish any of the factors which might result in dismissal under Rule 15(a), the Court will allow Plaintiff to file his amended complaint.

## IV.    Conclusion

For the foregoing reasons, Plaintiff's Motion to Amend the Complaint and Add Brandon Cappa as a Defendant is **GRANTED**. The Clerk is directed to file Dkt. No. 30-1 as of the date of this Order.

Date:   02/19/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel